## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IVAN G. MCKINNEY, | : |
| Plaintiff, | : Civil Action No. 15-7442 (KM) |
| v. | : |
| | : ORDER |
| NURSE CUCINELLA, etc., et al., | : |
| Defendants. | : |

Plaintiff and Defendant Sevino having submitted proposed discovery plans on November 29, 2016 and November 25, 2016, respectively, and the Court determining that a pretrial scheduling order shall be entered;

**IT IS on this 30th day of November, 2016,**

**ORDERED THAT:**

### I. DISCLOSURES

1.  Fed. R. Civ. P. 26 disclosures shall be served on or before **January 2, 2017**.

### II. DISCOVERY

2.  Fact discovery is to remain open through **July 1, 2017**. No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

3.  The parties may serve interrogatories limited to **twenty-five (25)** single questions and requests for production of documents and requests to admit on or before **January 15, 2017** to be responded to **within thirty (30) days of receipt**.

4.  Depositions of fact witnesses and individuals who will give lay opinion testimony based on particular competence in an area (including but not limited to treating physicians) are to be completed by **July 1, 2017**. No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege. See Fed. R. Civ. P. 32(d)(3)(A). No instruction not to answer shall be given unless a privilege is implicated.

5.  Counsel shall confer in a good faith attempt to informally resolve any and all

discovery disputes **before** seeking the Court's intervention.  See L. Civ. R. 37.1(a)(1); see also L. Civ. R. 16.1(f)(1).  Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention via a joint letter that sets forth: (a) the request; (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's response continues to be deficient; and (e) why the responding party believes the response is sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

<u>Failure by any party to meet and confer in good faith, or to participate in the joint-letter protocol described above, absent good cause, will result in the Court deeming that party to have waived its right to take any position on the discovery issue(s) in dispute.</u>

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Discovery disputes (other than those arising during depositions) shall be brought to the Court's attention no later than **May 15, 2017**.  **The Court will not consider any discovery dispute (other than those arising during depositions) brought to its attention after this date**.  If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.

### III. DISCOVERY CONFIDENTIALITY ORDERS

6.    Any proposed confidentiality order agreed to by the parties must strictly comply with Fed.R.Civ.P. 26(c) and Local Civil Rule 5.3.  See also Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994); Glenmede Trust Co. v. Thompson, 56 F.3d 476 (3d Cir. 1995).  Any such form of order must be accompanied by an affidavit or attorney certification filed electronically under the designation "affidavit/certification in support of discovery confidentiality order."  The affidavit or attorney certification shall describe (a) the nature of the materials to be kept confidential, (b) the legitimate private or public interests which warrant confidentiality and (c) the clearly defined and serious injury that would result should the order not be entered.  Any such order must be clearly designated **"Discovery Confidentiality Order."**  See L. Civ. R. 5.3.

### IV. FUTURE CONFERENCES

7.    The parties shall file a joint status letter by **April 27, 2017**.  The letter shall include, but not be limited to: the status of discovery, what discovery remains to be completed, and any outstanding discovery disputes.

8.    The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

9. Counsel should be prepared to discuss settlement at every conference with the Court.  The senior attorney in charge of the case must attend all settlement conferences and client(s) with full settlement authority must either attend or be immediately available by telephone.  In cases involving insurance companies and other corporate or business entities, it is expected that the executive who will make the final decision on the settlement will be the person available for the conference.

10. There will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel and litigants.

11. A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action.  Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

## V. MOTIONS

12. Any motion to add new parties or amend pleadings, whether by amended or third-party complaint, must be filed not later than **March 1, 2017**.

13. <u>No motions are to be filed without prior written permission from this Court.</u>  All dispositive motions must first be subject to a dispositive motion pre-hearing.  Discovery must be completed prior to the filing of a dispositive motion. These prerequisites must be met before any motions are filed and the motions will be returned if not met.  All calendar or dispositive motions, if permitted, shall comply with Local Civil Rules 7.1(b) and 56.1.

14. Dispositive motions, if any, are to be filed by **TO BE DETERMINED**.

## VI. EXPERTS

15. All affirmative expert reports shall be delivered by **August 1, 2017**.  Any such report is to be in the form and content as required by Fed. R. Civ. P. 26(a) (2) (B).

16. All responding expert reports shall be delivered by **September 1, 2017**.  Any such report shall be in the form and content as described above.

17. All expert discovery, including the completion of depositions, shall be completed by **October 1, 2017**.

18. No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in his report.

## VII. FINAL PRETRIAL CONFERENCE

19. A final pretrial conference shall be conducted pursuant to Civil Rule 16(d) **on [TO BE SET].**

20. All counsel are directed to assemble at the office of Defendants' counsel not later than **ten (10) days** before the pretrial conference to prepare the Final Pretrial Order in the form and content required by the Court. Defendants' counsel shall prepare the Pretrial Order and shall submit it to all other counsel for approval.

21. The original of the Final Pretrial Order shall be delivered to Chambers not later than **forty-eight (48) hours** before the pretrial conference. All counsel are responsible for the timely submission of the Final Pretrial Order.

22. **FAILURE TO FOLLOW THIS ORDER WILL RESULT IN SANCTIONS PURSUANT TO Fed. R. Civ. P. 16(f) and 37.**

*s/ Michael A. Hammer*
**Hon. Michael A. Hammer**
**United States Magistrate Judge**

Original:   Clerk of the Court
     cc:   Hon. Kevin McNulty, U.S.D.J.
         All Parties