# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IVAN G. MCKINNEY, | : | |
| Plaintiff, | : | Civ. No. 15-7442 (KM) (MAH) |
| v. | : | |
| OFFICER SEVINO, et al., | : | **OPINION** |
| Defendants. | : | |

**KEVIN MCNULTY, U.S.D.J**

## I.    INTRODUCTION

The plaintiff, Ivan G. McKinney, is currently incarcerated at the New Jersey State Prison in Trenton, New Jersey. He is proceeding *pro se* with what this Court has interpreted as a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Presently pending before this Court is the motion of defendant Officer Savino[1] to dismiss the complaint or for a more definite statement. For the following reasons, the motion will be denied.

## II.    BACKGROUND

Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, I screened the complaint in June, 2016, to determine whether Mr. McKinney had stated a claim upon which relief may be granted. In doing so, I applied the same standard that would be applied in ruling on a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). I further noted that

---

[1]    Defendant's motion makes it clear that he spells his name Savino, not Sevino as alleged in the complaint.

*pro se* pleadings are liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). With

respect to Mr. McKinney's allegations against Officer Savino, I noted the following:

> Mr. McKinney alleges that Officer S[a]vino and Officer John Doe
> used excessive force against him on July 25, 2013. This apparently
> occurred in connection with a court appearance for sentencing.
> Officer S[a]vino and John Doe, he says, slammed his head into an
> elevator without justification. Depending on the context, these
> allegations might support a claim. The Court will permit Mr.
> McKinney's excessive force claims against these two defendants to
> proceed past screening so that they can be developed factually.

(Dkt. No. 11 at p. 18-19)

## III.   STANDARD OF REVIEW ON MOTION TO DISMISS UNDER RULE 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in

whole or in part, if it fails to state a claim upon which relief can be granted. The moving party

bears the burden of showing that no claim has been stated. *See Hedges v. United States*, 404 F.3d

744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the

complaint as true and view them in the light most favorable to the plaintiff. *See Worth v. Seldin*,

422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d

478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir.

2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly case*,

*infra*).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed

factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his

"entitlement to relief requires more than labels and conclusions, and formulaic recitation of the

elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a

speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v.*

*PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

As I noted previously, Mr. McKinney is proceeding *pro se.* In such a case, the complaint is "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Nevertheless, it must meet some minimal standard. "While a litigant's pro se status requires a court to construe the allegations in the complaint liberally, a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

## IV.    DISCUSSION

It is not altogether clear from the face of Mr. McKinney's complaint whether he was a state prisoner at the time of the incident outlined above, or whether he was still a pretrial detainee. Accordingly, I will analyze Mr. McKinney's claims under the standards applicable to both. Claims of excessive force against a defendant by a plaintiff who is a pretrial detainee are analyzed under the Due Process Clause of the Fourteenth Amendment, rather than the Eighth Amendment, because pretrial detainees are not properly subject to punishment, whether cruel and unusual or otherwise. *See Dean v. Gloucester Cnty.*, No. 13-5197, 2016 WL 818708, at *5 (D.N.J. Mar. 2, 2016) (citing *Tapp v. Proto*, 404 F. App'x 563, 566 (3d Cir. 2010)) (remaining citations omitted). Courts apply an objective standard when considering a pretrial detainee's claim of excessive force. *See Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-73 (2015). Thus,

3

"a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Id.* at 2473. That objective test "turns on the 'facts and circumstances of each particular case.'" *Id.* (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "A court must make this determination from the prospective of a reasonable officers on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Id.* Additionally, in *Kingsley*, the Supreme Court explained:

> A court must also account for the "legitimate interests that stem from [the government's] need to manage the facility in which the individual is detained," appropriately deferring to "policies and practices that in th[e] judgment" of jail officials "are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish,* 441 U.S. 520, 540, 547, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979).
>
> Considerations such as the following may bear on the reasonableness or unreasonableness of the force used: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or to limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. See, *e.g., Graham, supra,* at 396, 109 S. Ct. 1865.

*Kingsley,* 135 S. Ct. at 2473.

I find Mr. McKinney has alleged facts sufficient to state a claim under the standard applicable to pretrial detainees. He alleges that, in connection with a court proceeding, a John Doe Officer and Officer Savino slammed his head in the elevator, despite the judge never ordering his removal from the courtroom. Giving these brief allegations the required liberal reading, I must find that they state a pretrial detainee excessive force claim.

If Mr. McKinney was a state prisoner at the time of the alleged incident, his claim would be analyzed under the Eighth Amendment. As a panel of the United States for the Third Circuit has recently explained:

The Eighth Amendment protects inmates from the "wanton and unnecessary infliction of pain." *Whitley v. Albers*, 475 U.S. 312, 320, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986). When examining Eighth Amendment excessive force cases, courts generally afford prison officials "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Id.* at 321-22, 106 S. Ct. 1078 (quoting *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S. Ct. 1861, 60 L. Ed. 2d 447 (1979)). This includes "security measure[s] taken in response to an actual confrontation with riotous inmates." Whitley, 475 U.S. at 322, 106 S. Ct. 1078.

"In an excessive force claim, the central question is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.' " *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (quoting *Whitley*, 475 U.S. at 327, 106 S. Ct. 1078). In weighing these issues, we look to the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury inflicted, the extent of the threat to the safety of prison staff and inmates—as reasonably perceived by prison officials on the facts known to them, and any efforts made to temper the severity of a forceful response. *Brooks*, 204 F.3d at 106.

*Conklin v. Hale*, No. 16-1181, 2017 WL 680343, at *1 (3d Cir. Feb. 21, 2017). Under this Eighth Amendment standard, too, Mr. McKinney's complaint states a claim. Slamming his head into an elevator (again, assuming it occurred as described) might well be a use of force outside the broad range of prison officials' discretion.

Savino's motion to dismiss, or in the alternative, for a more definite statement will therefore be denied. Mr. McKinney's custody status at the time of the alleged incident, as well as other relevant facts, can be developed in discovery.[2]

---

[2]    Savino takes exception to the fact that Mr. McKinney did not specifically state that he was bringing his claims under § 1983. I have interpreted his complaint, however, as one brought pursuant to § 1983, which is the vehicle for a constitutional claim brought against state actors.

## V.  CONCLUSION

For the foregoing reasons, defendant Officer Savino's motion to dismiss or for a more definite statement is denied. An appropriate order will be entered.

DATED:  April 27, 2017

_____
KEVIN MCNULTY
United States District Judge