## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IVAN G. MCKINNEY, | : |
|     Plaintiff, | : Civil Action No. 15-7442 (KM)(MAH) |
| v. | : |
|  | : ORDER |
| NURSE CUCINELLA, etc., et al., | : |
|     Defendants. | : |

This matter comes before the Court by way of pro se Plaintiff's letter application for Pro Bono Counsel filed pursuant to 28 U.S.C. § 1915(e)(1) [D.E. 46];

and the Court noting that in determining whether the appointment of Pro Bono Counsel is warranted it must consider the factors set forth in Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993);[1]

and the Court finding that Plaintiff has failed to address the Tabron factors in his present application for Pro Bono Counsel;

---

[1] Pursuant to Tabron, district courts have broad discretion to determine whether appointment of counsel is appropriate under 28 U.S.C. § 1915(e). See Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). The framework established in Tabron requires consideration of the following factors:

> (1) the plaintiff's ability to present his or her own case;
> (2) the complexity of the legal issues;
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
> (4) the amount a case is likely to turn on credibility determinations;
> (5) whether the case will require the testimony of expert witnesses;
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d 454, 457-458 (3d Cir. 1997) (citing Tabron, 6 F.3d at 155-156, 157 n.5).

and the Court therefore finding that it cannot determine whether appointment of Pro Bono Counsel is appropriate;

and for good cause shown;

**IT IS on this 3rd day of January, 2018,**

**ORDERED** that Plaintiff's application for Pro Bono Counsel [D.E. 46] is **DENIED without prejudice.**

*s/ Michael A. Hammer*_____
**United States Magistrate Judge**