THE LAW OFFICES OF
# RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

| | | | |
|---|---|---|---|
| **Richard Malagiere**<br>*Member NJ & NY Bar*<br>*Registered Patent Attorney*<br>**rm@malagierelaw.com** | 250 MOONACHIE ROAD<br>SUITE 102<br>MOONACHIE, NJ 07074<br>201.440.0675<br>FAX: 201.440.1843 | WHITEHALL BUILDING<br>17 BATTERY PLACE, STE., 610<br>NEW YORK, NY 10004<br>212.879.5580<br>212.879.5583 | *OF COUNSEL*<br><br>**Lawrence D. Mandel**<br>*Member NJ & PA Bar*<br><br>**Leonard E. Seaman**<br>*Member NJ Bar*<br>**les@malagierelaw.com**<br><br>**Vincent P. Trovini**<br>*Member NJ Bar* |
| | **\*REPLY TO NJ OFFICE** | | |

February 28, 2018

**<u>VIA ECF</u>**
The Honorable Michael A. Hammer, U.S.M.J
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

          **Re:**     Ivan McKinny v. Nurse Cuccinella
                 Civil Action No.: 2:15-cv-07442 (KM)(MAH)

Dear Judge Hammer:

      This office represents Defendant, Joseph Savino (i/p/a "Officer Sevino"), in the above-captioned matter.

      I write to advise the Court of a discovery dispute that arose during plaintiff's deposition yesterday, February 27, 2018, and request the Court's intervention and/or leave to file a motion with respect to same. As the plaintiff is <u>pro se</u> and incarcerated, I have not had the opportunity to consult with him to submit a joint letter. However, I did engage in an extensive "on the record" colloquy on this issue from which I can relate the substance of his position on the matter and will provide a copy of the deposition transcript upon its completion if required.

      The substance of the dispute is simply that plaintiff refused to answer any questions at his deposition about his claims in the above matter.

      By way of background, in addition to the claims in the this matter, I am also defending other members of the Bergen County Sheriff's Office against claims brought by plaintiff in the matter captioned <u>Ivan McKinney v. Dr. Hemsley, et al</u>. Civil Action No.: 2:14-cv-03564 (KM)(JBC). Rather than take plaintiff's deposition on two separate occasions, I noticed him to appear concurrently on February 27, 2018. Plaintiff was served with this notice via regular mail on February 15, 2018. Copies of those notices of deposition are attached.

      Additionally, since plaintiff is incarcerated, on February 15th, I also submitted proposed

orders to permit me to conduct plaintiff's deposition at the New Jersey State Prison to both Judge Clark and Your Honor. Those submission appear on the dockets as entry #82 in the Dr. Hemsley matter and entry #48 in the instant matter. I served plaintiff with those proposed orders on that date as well.

Judge Clark entered the Order with respect to the Dr. Hemsley case on February 16th (Dr. Hemsley docket entry #83) and I served a copy of that Order on the warden of New Jersey State Prison and plaintiff on that same date.

On February 23, 2018, I received a phone call from plaintiff inquiring whether I had obtained a signed copy of the order to permit his deposition in this matter. I advised that I had not but indicated that I would check with Your Honor's chambers. Plaintiff indicated that he would not sit for his deposition in this matter absent a signed order. I advised him that it was my client's position that this would be improper as he had already been served with an appropriate Notice of Deposition and that the order was needed simply for logistical reasons pertaining to New Jersey State Prison as a consequence of his incarceration.

After speaking with plaintiff, I contacted chambers and requested an update on the status of the proposed order. Shortly after that call, the Order was entered. (Dkt. #49) Due to the limited time between the entry of that Order and the date of the deposition, the Order indicated that I was to serve the prison warden and plaintiff within one day of the entry of the Order. To comply with this directive, I sent a copy of the Order to the prison via facsimile and a copy to plaintiff via regular mail on February 26, 2018. A copy of that letter is attached as well.

At the time plaintiff appeared for deposition, he had not received a copy of the signed order through the mail. However, I provided him with a copy of the Order when the deposition began.

Plaintiff answered all of the questions posed to him in the Dr. Hemsley matter. However, when I indicated that I was moving on to question him with respect to his allegations in this case, he refused to answer any questions. During our extended colloquy on this issue, plaintiff conceded that he had received the Notice of Deposition in a timely fashion. His objection was based on the fact that he had not received a copy of the order .

Based on the foregoing, I request that the Court convene a phone conference to address this discovery issue or provide me with leave to file a motion to dismiss plaintiff's pursuant to Fed. R. Civ. P. 37(d) for failure to appear for deposition.

                                    Respectfully submitted.

                                    /s/ Leonard E. Seaman
                                    LEONARD E. SEAMAN

LES:ap
Cc:    Ivan McKinney (via regular mail)
        Client (via email)