THE LAW OFFICES OF
# RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

| | | | |
|---|---|---|---|
| **Richard Malagiere**<br>*Member NJ & NY Bar*<br>*Registered Patent Attorney*<br>**rm@malagierelaw.com** | 250 MOONACHIE ROAD<br>SUITE 102<br>MOONACHIE, NJ 07074<br>201.440.0675<br>FAX: 201.440.1843 | WHITEHALL BUILDING<br>17 BATTERY PLACE, STE., 610<br>NEW YORK, NY 10004<br>212.879.5580<br>212.879.5583 | *OF COUNSEL*<br><br>**Lawrence D. Mandel**<br>*Member NJ & PA Bar*<br><br>**Leonard E. Seaman**<br>*Member NJ Bar*<br>**les@malagierelaw.com**<br><br>**Vincent P. Trovini**<br>*Member NJ Bar* |

**\*REPLY TO NJ OFFICE**

May 4, 2018

**VIA ECF**
The Honorable Michael A. Hammer, U.S.M.J
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

         Re:    **Ivan McKinny v. Nurse Cuccinella**
                **Civil Action No.: 2:15-cv-07442 (KM)(MAH)**

Dear Judge Hammer:

      As the Court is aware, this office represents Defendant, Joseph Savino (i/p/a "Officer Sevino") in the above-captioned matter.

      Please accept this letter as a substantive response to the April 30, 2018 letter from the Plaintiff in this matter which was originally mis-filed with the Court under a related docket number and then submitted on the docket for this matter as an attachment to my letter of even date (ECF # 61).

      Plaintiff has submitted twenty-five numbered requests for additional discovery. Defendant's position on each particular request is set forth below.

**REQUESTS 1 through 7**

      Plaintiff identifies a number of individuals whom he would like to depose. Since Plaintiff is self represented and incarcerated (and will remain so for the foreseeable future), any depositions he could conduct would have to be depositions on written questions under Fed. R. Civ. P. 31.

      In a related matter brought by Mr. McKinney, he was given the opportunity to take the depositions of parties pursuant to that rule. However, Mr. McKiney failed to follow the procedures mandated by the rule, particularly identifying an "officer" before whom the

depositions were to be taken. While co-counsel and I attempted to accommodate Mr. McKinney in that related matter by simply providing our clients' written answers to his questions, the same cannot occur in this instance.

Plaintiff seeks testimony of non-party witnesses. He would need to serve them with a notice to appear (and likely a subpoena), and then arrange for a court reporter who would administer an oath, read the witnesses the questions, and record their answers. Depending on the number of questions Mr. McKinney asks and the cross examination on Defendant's behalf, each deposition would likely cost Mr. McKinney upwards of $500.00. Given his repeated requests for pro bono counsel, it is not clear that he has the financial wherewithal to accomplish this.

Defendant does not object to affording Mr. McKinney the opportunity to take these depositions, but he should understand that they cannot be accomplished without a significant financial outlay on his part. If Plaintiff is not in a position to do this, the matter should not be delayed to conduct discovery that will not take place.

**REQUEST 8**

This request is illegible inasmuch as it has been overwritten by the Court's timestamp when the letter was filed. Defendant will provide his position on this request upon clarification.

**REQUESTS 9 through 11**

To the extent that records of the nature Plaintiff seeks are presently in existence to provide the information sought, Defendant does not object to supplying them and requests 45 days from the date of resolution of these requests to accomplish this.

**REQUESTS 12 through 14**

These requests seek additional depositions of non-parties. Please see Defendant's position with respect to Requests 1 through 7.

**REQUEST 15**

Defendant has already provided answers to the interrogatories propounded by Plaintiff. To the extent that the Court deems this to be a legitimate request for a more specific answer, Defendant will provide it and requests 45 days from the date of resolution of these requests to accomplish this.

**REQUEST 16 through 18**

To the extent that records of the nature Plaintiff seeks are presently in existence to provide the information sought, Defendant does not object to supplying them and requests 45 days from the date of resolution of these requests to accomplish this.

**REQUEST 19**

Defendant has already made a diligent search for any records of this sort. None are known to exist.

**REQUEST 20**

Defendant has already provided answers to the interrogatories propounded by Plaintiff. To the extent that the Court deems this to be a legitimate request for a more specific answer, Defendant will provide it and requests 45 days from the date of resolution of these requests to accomplish this.

**REQUEST 21**

Defendant has already made a diligent search for any records of this sort. None are known to exist.

**REQUEST 22**

This request seeks an additional deposition of a non-parties. Please see Defendant's position with respect to Requests 1 through 7.

**REQUEST 23**

To the extent that these records exist, they would be in the possession of the Bergen County Courts. Defendant does not object to affording Plaintiff a reasonable opportunity to obtain these records from the appropriate custodian.

**REQUEST 24**

This request of overly broad. As indicated above, to the extent relevant records are available, Defendant is willing to attempt to locate them and provide them. These should be more than sufficient for Plaintiff to obtain the information he seeks regarding the actual identify of the fictitiously named parties. Disclosure of all retirees who held the rank of Corporal over a three year period is nothing more than a fishing expedition on Plaintiff's part. This request should be denied.

**REQUEST 25**

Defendant has already provided answers to the interrogatories propounded by Plaintiff. To the extent that the Court deems this to be a legitimate request for a more specific answer, Defendant will provide it and requests 45 days from the date of resolution of these requests to accomplish this.

Finally, Plaintiff seeks a "250,00 Default Judgment against the Sheriff of Bergen County, if he don't help us identify this Corporal" [sic].

      Sheriff Saudino is not a party to this action, and Plaintiff has not made any showing that would support an award of sanctions against him of any sort for any purported discovery deficiencies. Even if the facts of this matter supported the levying of sanctions, the amount sought, a quarter of a million dollars, would be grossly excessive. For those reasons, any request for sanctions against any individual or party should be rejected.

      If the Court wishes to conduct a telephone conference to address these matters, I will be happy to facilitate same.

      Respectfully submitted.

      /s/ Leonard E. Seaman
      LEONARD E. SEAMAN

LES:ap

Cc:    Ivan McKinney (via regular mail)
        Client (via email)