UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| IVAN G. MCKINNEY, | : | Civil Action No. 15-7442 (KM) (MAH) |
| Plaintiff, | : | |
| v. | : | ORDER |
| NURSE CUCINELLA, etc., et al., | : | |
| Defendants. | : | |

This matter having come before the Court by way of Plaintiff's April 17, 2018 letter to the Court, outlining what discovery he still needs, which was improperly filed in another of Plaintiff's cases, *McKinney v. Dr. Hemsely*, et al., Civil Action No. 14-3564 (KM)(JBC), but which Defendant filed in this case for Plaintiff at D.E. 61;

and Defendant Savino having filed a letter opposing many of Plaintiff's discovery requests, D.E. 62;

and it appearing that in requests 1 through 7, 12 through 14, and 22, Plaintiff seeks to depose people who are not parties to this action, and who are assorted court personnel, sheriff's employees, judges, or assistant prosecutors;

and the Court finding that because permitting Plaintiff to depose many non-parties will be costly and time-consuming, and will further significantly delay discovery in this three-year old case, the Court will require Plaintiff to make a submission to the Court setting forth: (1) what information relevant to his claims he seeks to obtain from these individuals, (2) how each individual's testimony will be relevant to the claims in his Complaint, (3) and how Plaintiff will

secure those witnesses' appearances at depositions, including the location of the depositions and proposed timeframe to complete them;

and the Court noting that Defendant was unable to read Plaintiff's request number 8 because the Court's data for this case contained in a header on the document was written over the request but the Court, having reviewed the request without the header, is able to discern that Plaintiff is seeking production "of the court's video on the day of sentencing;"

and the Court noting that Defendant does not oppose producing the evidence sought in requests 9, 10, 11, 16, 17, and 18;

and the Court further noting that Defendant claims to have already produced answers to requests 15, 20, and 25, but that if the Court deem these legitimate requests for more specific answers, Defendant will provide them;

and the Court also noting that with respect to requests 19 and 21, Defendant maintains that he has already searched for these records and none exist;

and the Court noting that with respect to request 23, which seeks a list of all defendants, lawyers, prosecutors, and probation and parole officers who were scheduled to be in Judge Guida's courtroom that day, Defendant contends that responses to this request would be in the Bergen County Courts' possession, and Defendant does not object to permitting Plaintiff an opportunity to obtain such from the appropriate custodian;

and the Court noting that Defendant argues that request 24, which seeks a list of all corporals who retired between 2013 and 2016, is overly broad and amounts to a fishing expedition but believes that the response to request 16 should adequately assist Plaintiff in determining who was the corporal on duty during the alleged incident which is the subject of this action;

and the Court finally noting that in request 26, which Defendant has not responded to, Plaintiff contends that Officer Savino's responses were evasive and he seeks more specific answers from Defendant Savino;

and for good cause shown;

**IT IS on this 22nd day of May, 2018,**

**ORDERED THAT**:

1. With respect to Plaintiff's requests 1 through 7, 12 through 14, and 22, Plaintiff shall file a letter with the Court by **June 18, 2018**, setting forth: (1) what information relevant to his claims he seeks to obtain from these individuals, (2) how each individual's testimony will be relevant to the claims in his Complaint, (3) and how Plaintiff will secure those witnesses' appearances at depositions, including the location of the depositions and proposed timeframe to complete them.  Defendant will file a responding letter on or before **June 25, 2018.**

2. With respect to requests 8, Plaintiff's request for the Court's video on the day of sentencing, and 23, a list of all defendants, lawyers, probation and parole officers in court on the day of sentencing, the Court will take no action at this time, and leaves Plaintiff to seek any such information by way of subpoena under Federal Rule of Civil Procedure 45.  Any such subpoena shall be served on or before **June 27, 2018**.

3. Regarding Plaintiff's requests 9, 10, 11, 16, 17, and 18, Defendant does not object but seeks 45 days to provide answers to these requests.  Accordingly, Defendant shall provide responses to these requests by **July 22, 2018**.

4. With respect to Plaintiff's requests 15, 20, and 25, the Court is satisfied that Defendant has already provided all responsive information to these requests.  Plaintiff

3

fails to indicate that Defendant's responses were incomplete or require a more specific answer. Accordingly, Plaintiff's requests at 15, 20 and 25 are denied.

5. Regarding requests 19 and 21, the Court is satisfied that Defendant has already searched for, and was unable to locate, any reports that would satisfy Plaintiff's requests for reports from the day of sentencing. Therefore, Plaintiff's requests 19 and 21 are denied.

6. With respect to Plaintiff's request 24, which seeks a list of all corporals who retired between 2013 and 2016, the Court finds this request to be overly broad. Accordingly, the Plaintiff's request for relief as to these demands is denied. However, Defendant will respond to request 16, which seeks the identities of all corporals who were assigned to the Court on the day of sentencing, and which Defendant has agreed to provide.

7. Plaintiff's request 26 seeks more specific answers to interrogatories by Defendant Savino. Plaintiff claims that many of Defendant's responses were empty and evasive. It appears that Defendant did not see this request as Defendant indicates there are only 25 requests. Therefore, Plaintiff and Defendant are to confer regarding this request and attempt to resolve this without the Court's intervention.

8. In addition to the submissions due respectively on June 11, 2018 and June 18, 2018 (see no. 1, above), the parties shall provide a joint status report to the Court by **August 21, 2018**, indicating the status of these discovery disputes and what discovery remains to be completed.

*s/Michael A. Hammer*
UNITED STATES MAGISTRATE JUDGE