THE LAW OFFICES OF
# RICHARD MALAGIERE
A PROFESSIONAL CORPORATION
www.malagierelaw.com

| **Richard Malagiere**<br>*Member NJ & NY Bar*<br>*Registered Patent Attorney*<br>―――――――<br>**Matthew E. Gilson**<br>*Member NJ Bar* | 250 MOONACHIE ROAD<br>SUITE 102<br>MOONACHIE, NJ 07074<br>201.440.0675<br>FAX: 201.440.1843 | 100 CHURCH STREET<br>SUITE 100<br>NEW YORK, NEW YORK 10007<br>212.879.5580<br>FAX: 212.879.5583 | *OF COUNSEL*<br>**Lawrence D. Mandel**<br>*Member NJ & PA Bar*<br>**Leonard E. Seaman**<br>*Member NJ Bar*<br>*Certified by the Supreme Court of*<br>*New Jersey as a Civil Trial Attorney* |

***REPLY TO NJ OFFICE**

Writer's Direct Dial: 201.509.4180
Writer's e-mail:  les@malagierelaw.com

February 6, 2019

**VIA ECF**
The Honorable Michael A. Hammer, U.S.M.J
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07101

   Re:  Ivan McKinny v. Nurse Cuccinella
      Civil Action No.:  2:15-cv-07442 (KM)(MAH)

Dear Judge Hammer:

  As the Court is aware, this office represents Defendant, Joseph Savino (i/p/a "Officer Sevino") in the above-captioned matter.

  Kindly accept this letter in response to the Court's Order (Dkt. # 78) to provide a status report regarding the matter in preparation for the video conference with the self-represented, incarcerated plaintiff scheduled for February 13, 2019.

## STATUS OF DISCOVERY

  The parties have exchanged Rule 26 Disclosures, answered interrogatories, and exchanged relevant documents.  Plaintiffs deposition was completed on May 8, 2018 at the New Jersey State Prison in Trenton, New Jersey.  Plaintiff has not sought the deposition of defendant.  Plaintiff has not identified any expert witnesses or served any expert reports.

  As we advised in our status report letter of October 9, 2018 (Dkt. #75)  The Court's Order of May 22, 2018 Dkt. # 65) set forth a number of steps plaintiff should take to allow for depositions of state court personnel, Sheriff's Office employees, judges, or assistant prosecutors.  Plaintiff did not make any submissions to the Court as set forth in that Order.  Defendant submits that plaintiff has waived his opportunity to obtain that discovery.

In plaintiff's discovery request number 8, he sought courtroom video of his sentencing. We have ascertained that no such video exists. Proceedings were recorded in audio format only. Defendant disclosed that recording to plaintiff.

The Court's May 22nd Order also afforded plaintiff the opportunity to subpoena additional information from the Administrator of the Bergen County Courthouse with regard to other individuals who may have been present in the courtroom at the time of the alleged incident. Once again, it appears that plaintiff did not obtain subpoenas from the Court to seek this information. Defendant submits that this request for additional discovery has also been waived.

Defendant supplied plaintiff with the Bergen County Sheriff's Office Duty Roster for the day of the alleged incident. From the Duty Roster, defendant has identified the twenty-seven Sherriff's Officers who were working in the Bergen County Courthouse on the day of the incident, and, more specifically, the two officers assigned to the Courtroom of Judge Guida where plaintiff's sentencing took place. Of those two officers, only one held the rank of corporal. That officer also, generally, fits the physical description of "Corporal John Doe." That individual, Jorge Huergo, is retired from the Bergen County Sheriff's Office. Defendant has provided plaintiff with Mr. Huergo's last known address.

## STATUS OF PLEADINGS/PARTIES

On January 24, 2019, plaintiff submitted a letter to the Court (Dkt. #79) that purports to be an amended complaint naming Mr. Huergo in place of the fictitious defendant, "Corp. John Doe." Plaintiff did not seek, nor was plaintiff granted leave to file an amended complaint. He has not requested a summons from the Clerk to serve this "pleading" on Mr. Huergo.

## STATUS OF SETTLEMENT NEGOTIATIONS

Plaintiff has contacted counsel on at least two occasions to discuss settlement of this matter and a related case in this District that is also being handled by this office, McKinney v. Hemsley, 2:14-cv-03564-KM-JBC. In each instance, it has been be the view of defendants that plaintiff's settlement demands were not realistic given the potential for a favorable disposition through summary judgment and/or a trial, if necessary. Because of that, no counter-offers have been made.

Should the Court require any additional information in advance of the video conference, please advise.

Respectfully submitted.

/s/ Leonard E. Seaman
LEONARD E. SEAMAN

LES:ap
Cc:   Ivan McKinney (via regular mail)
      Client (via electronic mail c/o jpay.com)